# REGISTER OF ACTIONS
CASE NO. 17-DCV-244086

Lilly Thomas and Vaughese Baby V. Metropolitan Lloyds Insurance Company of Texas and Rodney Thomas

§
§
§
§
§

Case Type: **Contract - Other Contract**
Date Filed: **08/09/2017**
Location: **268th District Court**

---

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant or Respondent | Metropolitan Lloyds Insurance Company of Texas<br>Dallas, TX 75201 | Dennis D Conder<br>*Retained*<br>214-748-5000(W) |
| Defendant or Respondent | Thomas, Rrodney<br>IRVING, TX 75063 | Dennis D Conder<br>*Retained*<br>214-748-5000(W) |
| Plaintiff or Petitioner | Thomas, Lilly<br><br>Missouri City, TX 77459 | Stephen Mengis<br>*Retained*<br>832-415-1432(W)<br><br>David P Wilson<br>*Retained*<br>409-835-6000(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 08/09/2017 | Docket Sheet<br>*Docket Sheet* |
| 08/09/2017 | Petition   Doc ID# 1<br>*Plaintiff's Original Petition, Jury Demand, and Request for Disclosure* |
| 08/09/2017 | Case Information Sheet<br>*Civil Case Information Sheet* |
| 08/09/2017 | Request   Doc ID# 2<br>*Request for Process* |
| 08/09/2017 | Jury Fee Paid |
| 08/10/2017 | Issuance   Doc ID# 3<br>*Citation by C/M Issued to Metropolitan Lloyds Insurance Compant of Texas* |
| 08/10/2017 | Citation by Certified Mail<br>CMRRR 9414 7266 9904 2089 8974 15 |

| | | | |
|---|---|---|---|
| | Metropolitan Lloyds Insurance Company of Texas | Served | 08/14/2017 |
| | | Returned | 08/17/2017 |

| | |
|---|---|
| 08/10/2017 | Issuance   Doc ID# 4<br>*Citation by C/M Issued to Rodney Thomas* |
| 08/10/2017 | Citation by Certified Mail<br>CMRRR 9414 7266 9904 2089 8974 22 |

| | | | |
|---|---|---|---|
| | Thomas, Rrodney | Returned Unserved | 08/24/2017 |
| | | Returned | 08/24/2017 |

| | |
|---|---|
| 08/31/2017 | Answer/Contest/Response/Waiver   Doc ID# 5<br>*Defendant Metropolitan's Original Answer* |
| 08/31/2017 | Answer/Contest/Response/Waiver   Doc ID# 6<br>*Defendant Thomas' Original Answer* |
| 09/08/2017 | Amended Filing   Doc ID# 7<br>*Defendant Metropolitan Lloyds Insurance Company of Texas' First Amended Answer* |
| 09/08/2017 | Amended Filing   Doc ID# 8<br>*Defendant Rodney Thomas' First Amended Answer* |

---

## FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Defendant or Respondent** Metropolitan Lloyds Insurance Company of Texas | | |
| Total Financial Assessment | | 4.00 |
| Total Payments and Credits | | 4.00 |
| Balance Due as of 09/11/2017 | | 0.00 |

| | | | | |
|---|---|---|---|---|
| 09/05/2017 | Transaction Assessment | | | 2.00 |
| 09/05/2017 | E-filing | Receipt # 2017-53862-DCLK | Metropolitan Lloyds Insurance Company of Texas | (2.00) |
| 09/08/2017 | Transaction Assessment | | | 2.00 |
| 09/08/2017 | E-filing | Receipt # 2017-55031-DCLK | Metropolitan Lloyds Insurance Company of Texas | (2.00) |



**Plaintiff or Petitioner** Thomas, Lilly
Total Financial Assessment | 549.00
Total Payments and Credits | 549.00
**Balance Due as of 09/11/2017** | **0.00**

| 08/09/2017 | Transaction Assessment | | | 549.00 |
| 08/09/2017 | E-filing | Receipt # 2017-49672-DCLK | Thomas, Lilly | (549.00) |

170821302040051

Filed
8/9/2017 11 08 AM
Anne Rebecca Elliott
District Clerk
Fort Bend County, Texas
Brandy Worthington



CAUSE NO. **17-DCV-244086**

| | | |
|---|---|---|
| LILLY THOMAS and | § | IN THE DISTRICT COURT |
| VARUGHESE BABY, | § | |
|    Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | FORT BEND COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | Fort Bend County - 268th Judicial District Court |
| and RODNEY THOMAS, | § | |
|    Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT

    COMES NOW Lilly Thomas and Varughese Baby, Plaintiffs herein, and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Metropolitan Lloyds Insurance Company of Texas ("Metropolitan Lloyds") and Rodney Thomas ("Thomas") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190 4 and 169.

### PARTIES

2.    Plaintiffs, Lilly Thomas & Varughese Baby, reside in Fort Bend County, Texas

3    Defendant, Metropolitan Lloyds Insurance Company of Texas, is a Texas insurance company, engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon Metropolitan Lloyds Insurance Company of Texas, through its registered agent for service, **CT Corporation System, 1999 Bryan Street, Suite 900,**

170821302040051

**Dallas, Texas 75201** . Plaintiffs request service at this time

4      Defendant, Rodney Thomas, is an adjuster who resides in Irving, Texas    Plaintiffs
       request service of citation upon Rodney Thomas at the address listed with the Texas
       Department of Insurance: **Dallas Field Claims Office, 3660 Regent Blvd, Ste. 150,**
       **Irving, Texas 75063-2208**   Plaintiffs request service at this time

## JURISDICTION

5.     The Court has jurisdiction over Metropolitan Lloyds Insurance Company of Texas
       because this Defendant engages in the business of insurance in the State of Texas, and the
       causes of action arise out of Defendant's business activities in the state, including those
       in Fort Bend County, Texas, with reference to this specific case

6.     The Court has jurisdiction over Rodney Thomas because this Defendant engaged in the
       business of adjusting insurance claims in the State of Texas, and the causes of action arise
       out of his business activities in the State of Texas, including those in Fort Bend County,
       Texas, with reference to this specific case

## VENUE

7.     Venue is proper in Fort Bend County, Texas, because the insured property is located in
       Fort Bend County, Texas, and all or a substantial part of the events giving rise to this
       lawsuit occurred in Fort Bend County, Texas   TEX  CIV  PRAC. & REM. CODE §
       15.032

170821302040051

## FACTS

8    Plaintiffs assert claims for fraud, breach of contract, negligence, gross negligence, negligent hiring, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA

9    Plaintiffs own a Metropolitan Lloyds Insurance Company of Texas homeowner's insurance policy, number 9494931890 ("the Policy"), which was issued by Metropolitan Lloyds.  At all relevant times, Plaintiffs owned the insured premises located at 6303 Surfside Lane, Missouri City, Texas 77459 ("the Property")

10.  Metropolitan Lloyds or its agent sold the Policy, insuring the Property, to Plaintiffs Metropolitan Lloyds represented to Plaintiffs that the Policy included hail and windstorm coverage for damage to Plaintiffs' home

11   On or about June 18, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Fort Bend County, Texas, area

12   In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Metropolitan Lloyds against the Policy for damage to the Property.  Metropolitan Lloyds assigned claim number JDG51881 FM to Plaintiffs' claim.

13   Plaintiffs asked Metropolitan Lloyds to cover the cost of damage to the Property pursuant to the Policy

14   Metropolitan Lloyds hired or assigned its agents, namely Thomas, to inspect and adjust the claim   Thomas conducted an inspection on or about February 3, 2017, according to the information contained in his estimate.  Thomas's findings generated an estimate of damages totaling $1,132 23. After application of depreciation and deductible of

170821302040051

$4,889 00, Plaintiffs were left without recovery to make necessary repairs on their home.

15      Metropolitan Lloyds, through its agent, Thomas, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage

16      Metropolitan Lloyds and Thomas have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Thomas found "no covered peril damage" to Plaintiff's roof yet he included interior damage to the master bedroom, landing, kitchen, and entry way  The third party inspector hired to review the damage to the Property found $23,020 56 of damage to all 36 squares of Plaintiffs' roof  In addition, the third party inspector found damage to the ridge cap, valley metal, asphalt starter, step flashing, roof vents and chimney flashing that were completely absent from Thomas's estimate

17,     The third party adjuster also found additional damage in the Property's interior above and beyond what Thomas had indicated in his report  Thomas' estimate undervalued the amount of the interior damage and did not include storm related damage to a secondary bedroom and closet, living room, breakfast area, and hallway.

18      The damage to Plaintiffs' Property is currently estimated at $43,837.74

19      Thomas had a vested interest in undervaluing the claims assigned to him by Metropolitan Lloyds in order to maintain his employment  The disparity in the number of damaged items in his report compared to that of the third party inspector's as well as the difference in valuation is evidence of fraud on the part of Thomas

4

20    Furthermore, Thomas was aware of Plaintiffs' deductible prior to inspecting the Property
Thomas had advanced knowledge of the damages he needed to document in order to be
able to deny the claim.

21    Thomas misrepresented the actual amount of damage Plaintiffs' Property sustained in
addition to how much it would cost to repair the damage  Thomas made these
misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely
on his expertise and accept the fraudulent estimate as a true representation of the
damages

22    After reviewing Plaintiffs' Policy, Thomas misrepresented that the damage was caused
by non-covered perils  Thomas used his expertise to fabricate plausible explanations for
why visible damage to Plaintiffs' Property would not be covered under the policy
Specifically, he said that the damage to the house was due to wear and tear

23    As stated above, Metropolitan Lloyds and Thomas improperly and unreasonably adjusted
Plaintiffs' claim   Without limitation, Metropolitan Lloyds and Thomas misrepresented
the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the
amount of insurance coverage for Plaintiffs' claim or loss under the Policy

24    Metropolitan Lloyds and Thomas made these and other false representations to Plaintiffs,
either knowingly or recklessly, as a positive assertion, without knowledge of the truth
Metropolitan Lloyds and Thomas made these false representations with the intent that
Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient
damage and repair estimates prepared Thomas

170821302040051

25     Plaintiffs relied on Metropolitan Lloyds and Thomas's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property  Plaintiffs' damages are the result of their reliance on these misrepresentations

26     Upon receipt of the inspection and estimate reports from Thomas, Metropolitan Lloyds failed to assess the claim thoroughly   Based upon Thomas's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Metropolitan Lloyds failed to provide coverage due under the Policy, and Plaintiffs suffered damages

27     Because Metropolitan Lloyds and Thomas failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property   This has caused additional damage to Plaintiffs' Property

28     Furthermore, Metropolitan Lloyds and Thomas failed to perform their contractual duties to Plaintiffs under the terms of the Policy   Specifically, Thomas performed an unreasonable and substandard inspection that allowed Metropolitan Lloyds to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs

29     Metropolitan Lloyds and Thomas's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code   Thus, the breach of the statutory duties constitutes the

6

1708213020400051

foundation of a breach of the insurance contract between Defendant and Plaintiffs

30    Metropolitan Lloyds and Thomas's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS CODE §541.060(a) (1)   Metropolitan Lloyds and Thomas have failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy  Specifically, Metropolitan Lloyds and Thomas have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy

31    Metropolitan Lloyds and Thomas's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices  TEX  INS  CODE §541.060(a) (2) (A)   Metropolitan Lloyds and Thomas failed to provide Plaintiffs a reasonable explanation for underpayment of the claim

32.   Additionally, after Metropolitan Lloyds received statutory demand on or about May 31, 2017, Metropolitan Lloyds has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

33    Metropolitan Lloyds and Thomas's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices   TEX  INS  CODE §541.060(a) (4)    Thomas performed a biased and intentionally substandard inspection designed to allow Metropolitan Lloyds to refuse to provide full coverage to Plaintiffs under the Policy

34    Specifically, Metropolitan Lloyds and Thomas performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable

170821302040051

evaluation of Plaintiffs' losses on the Property

35    Metropolitan Lloyds's conduct constitutes a violation of the Texas Insurance Code,
      Prompt Payment of Claims   TEX INS  CODE §542.055.  Due to Thomas subpar
      inspection, Metropolitan Lloyds failed to reasonably accept or deny Plaintiffs' full and
      entire claim within the statutorily mandated time after receiving all necessary
      information

36    Metropolitan Lloyds's conduct constitutes a violation of the Texas Insurance Code,
      Prompt Payment of Claims   TEX INS. CODE §542 056  Due to Thomas's intentional
      undervaluation of Plaintiffs' claims, Metropolitan Lloyds failed to meet its obligations
      under the Texas Insurance Code regarding timely payment of the claim   Specifically,
      Thomas's understatement of the damage to the Property caused Metropolitan Lloyds to
      delay full payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not
      received rightful payment for their claim.

37    Metropolitan Lloyds and Thomas's wrongful acts and omissions have forced Plaintiffs to
      retain the professional services of the attorneys and law firm representing them with
      respect to these causes of action

## CAUSES OF ACTION AGAINST DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

38    All paragraphs from the fact section of this petition are hereby incorporated into this
      section

## BREACH OF CONTRACT

39.   Metropolitan Lloyds is liable to Plaintiffs for intentional violations of the Texas
      Insurance Code, and intentional breach of the common law duty of good faith and fair

8

170821302040051

dealing  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Metropolitan Lloyds, and Plaintiffs

40    Metropolitan Lloyds's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Metropolitan Lloyds's insurance contract with Plaintiffs

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

41    Metropolitan Lloyds's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices   TEX  INS. CODE §541 060(a)   All violations under this article are actionable by TEX  INS  CODE §541 151

42    Metropolitan Lloyds's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance   TEX. INS  CODE §541 060(a) (1)

43    Metropolitan Lloyds's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Metropolitan Lloyds's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX  INS CODE §541 060(a) (2) (A)

44    Metropolitan Lloyds's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of

competition and a deceptive act or practice in the business of insurance TEX INS CODE §541 060(a) (3)

45    Metropolitan Lloyds's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance TEX INS CODE §541 060(a) (7)

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

46    Metropolitan Lloyds's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims All violations made under this article are actionable under TEX INS CODE §542.060

47.   Metropolitan Lloyds's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim TEX INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48    Metropolitan Lloyds's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

49    Metropolitan Lloyds's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Metropolitan Lloyds knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing

170821302040051

## DTPA VIOLATIONS

50      Metropolitan Lloyds's conduct constitutes multiple violations of the Texas Deceptive
Trade Practices Act ("DTPA"), TEX BUS. & COM. CODE 17 41–63   Plaintiffs are
consumers of goods and services provided by Metropolitan Lloyds pursuant to the
DTPA   Plaintiffs have met all conditions precedent to bring this cause of action against
Metropolitan Lloyds   Specifically, Metropolitan Lloyds's violations of the DTPA
include, without limitation, the following matters.

A       By its acts, omissions, failures, and conduct, Metropolitan Lloyds has violated
sections 17 46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA   Metropolitan
Lloyds's violations include, (1) unreasonable delays in the investigation,
adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the
benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs'
property when liability has become reasonably clear, which gives Plaintiffs the
right to recover under section 17 46(b)(2)

B.      Metropolitan Lloyds represented to Plaintiffs that the Policy and Metropolitan
Lloyds's adjusting agent and investigative services had characteristics or benefits
they did not possess, which gives Plaintiffs the right to recover under section
17 46(b)(5) of the DTPA

11

C      Metropolitan Lloyds represented to Plaintiffs that Metropolitan Lloyds's Policy
       and adjusting services were of a particular standard, quality, or grade when they
       were of another, in violation of section 17 46(b)(7) of the DTPA

D.     Metropolitan Lloyds advertised the Policy and adjusting services with the intent
       not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA

E      Metropolitan Lloyds breached an express warranty that the damages caused by
       wind and hail would be covered under the Policy   This breach entitles Plaintiffs
       to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA

F      Metropolitan Lloyds's actions are unconscionable in that Metropolitan Lloyds
       took advantage of Plaintiffs' lack of knowledge, ability, and experience to a
       grossly unfair degree   Metropolitan Lloyds's unconscionable conduct gives
       Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA, and

G.     Metropolitan Lloyds's conduct, acts, omissions, and failures, as described in this
       petition, are unfair practices in the business of insurance in violation of section
       17 50(a)(4) of the DTPA

51     Each of the above-described acts, omissions, and failures of Metropolitan Lloyds is a
       producing cause of Plaintiffs' damages   All of Metropolitan Lloyds's acts, omissions,
       and failures were committed "knowingly" and "intentionally," as defined by the Texas
       Deceptive Trade Practices Act

## NEGLIGENT HIRING

52     Metropolitan Lloyds has a basic duty as an employer who retains services of another to
       use reasonable care in investigating the background of that individual for fitness for the

12

170821302040051

position, to remain knowledgeable of that fitness, and is liable if another person suffers damages because of a lack of fitness. Defendant Metropolitan Lloyds owed a duty to Plaintiffs and that duty was breached

53    Metropolitan Lloyds was negligent in that it knew or should have known that Thomas was an incompetent adjuster and unfit to handle claims on behalf of Metropolitan Lloyds Specifically, Metropolitan Lloyds should have known Thomas was incapable of performing the tasks necessary to perform a reasonable property damage inspection

54    Metropolitan Lloyds failed to investigate, screen or supervise Thomas, who was the proximate cause of the damages suffered by Plaintiffs in this action

FRAUD

55    Metropolitan Lloyds is liable to Plaintiffs for common law fraud.

56    Every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as they did, and Metropolitan Lloyds knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion

57    Metropolitan Lloyds made these statements intending that Plaintiffs act upon them Plaintiffs then acted in reliance upon these statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

CAUSES OF ACTION AGAINST DEFENDANT RODNEY THOMAS

58    All paragraphs from the fact section of this petition are hereby incorporated into this section

NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICES

13

170821302040051

59    Thomas's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act   TEX INS. CODE §541 060(a)

60.   Thomas is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Metropolitan Lloyds, because Thomas is a "person" as defined by TEX INS CODE §541 002(2)

61    Thomas's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS CODE §541.060(a) (2) (A)

62    Thomas's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice   TEX INS CODE §541.060(a) (3).

63    Thomas knowingly underestimated the amount of damage to the Property.  As such, Thomas failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy   TEX. INS. CODE §542 003(3)

64    Furthermore, Thomas did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim   TEX INS CODE §542 003(4)

### DTPA VIOLATIONS

65    Thomas's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS & COM CODE 17 41–63. Plaintiffs are consumers of goods and services provided by Thomas pursuant to the DTPA   Plaintiffs have met all

14

17982130204005

conditions precedent to bringing this cause of action against Thomas  Specifically, Thomas's violations of the DTPA include the following matters

A.    By his acts, omissions, failures, and conduct, Thomas has violated sections 17.46(b) (2), (5), and (7) of the DTPA.  Thomas's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17 46(b)(2)

B.    Thomas represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17 46(b)(5) of the DTPA

C.    Thomas represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17 46(b) (7) of the DTPA

D.    Thomas's actions are unconscionable in that Thomas took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree  Thomas's unconscionable conduct gives Plaintiffs a right to relief under section 17 50(a)(3) of the DTPA; and

E.    Thomas's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17 50(a)(4) of the DTPA

170821302040051

66    Each of Thomas's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages   All acts, omissions, and failures were committed "knowingly" and "intentionally" by Thomas, as defined by the Texas Deceptive Trade Practices Act   TEX BUS  & COM. CODE 17 45

## NEGLIGENCE

67.   Thomas was negligent in his action and/or omission with regard to his adjusting of Plaintiffs' claim   Thomas violated the standard of care and fell below the applicable standard of an insurance adjuster licensed by the state of Texas   Those failures include one or more of the following acts or omissions

A     Failure to conduct a reasonable inspection;

B     Failure to include covered damage that would be discovered as a result of a reasonable inspection,

C     Failure to identify the proper cause and scope of the damage to Plaintiffs' Property,

D     Failure to properly identify the cost of proper repairs to Plaintiffs' Property, and

E     Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to the Property.

68    Thomas's acts and/or omissions constitute negligence   His conduct was the proximate cause of the damages sustained by Plaintiffs.

69    At all relevant times, Thomas was an agent or employee of Defendant Metropolitan Lloyds

70    Thomas's unreasonable inspection was performed within the course and scope of his

16

1708213020040051

duties with Defendant Metropolitan Lloyds. Therefore, Metropolitan Lloyds is also liable for the negligence of Thomas through the doctrine of respondeat superior

## GROSS NEGLIGENCE

71. Thomas's actions or omissions constitute gross negligence as defined in TEX CIV P. & REM CODE § 41.001 (11)(A) and (B).

    A       Thomas's actions when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk of harm to Plaintiffs, considering the probability and magnitude of potential harm to Plaintiffs, and

    B.      Thomas had actual, subjective awareness of the of the risk involved, but never-the-less, proceeded with conscious indifference to the rights, safety or welfare of Plaintiffs.

72. By Metropolitan Lloyds's direction, Thomas intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property His estimate was to such an extreme degree bellow what another reasonable licensed adjuster would have done in that situation, and in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

73. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein

## WAIVER AND ESTOPPEL

17

1708213O2O4OO51

74.     Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs

## DAMAGES

75      The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs  These damages are a direct result of Defendants' mishandling of Plaintiffs' claims in violation of the laws set forth above

76      Plaintiffs currently estimate that actual damages to the Property under the Policy are $43,837 74

77.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained  The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred

78      For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees

79      For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits

18

170821302040051

owed pursuant to the Policy, mental anguish, court costs, and attorney's fees For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages TEX INS. CODE §541 152 and TEX BUS & COM CODE 17 50(b) (1).

80. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees TEX INS CODE §542 060

81 For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Metropolitan Lloyds owed, exemplary damages, and damages for emotional distress

82 Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder

17052130204051

of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future

83. For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs

84 For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading   Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17 50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

85 As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court   As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000 00, but no more than $200,000 00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees   A jury will ultimately determine the monetary relief actually awarded, however   Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate

## REQUESTS FOR DISCLOSURE

20

1708213D2040051

86.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190 2(b)(6) and 194 2

## JURY DEMAND

87    Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas   Plaintiffs hereby tender the appropriate jury fee

## PRAYER

Plaintiffs pray that Defendants, Metropolitan Lloyds Insurance Company of Texas and Rodney Thomas, be cited and served to appear, and that upon trial hereof, Plaintiffs, Lilly Thomas & Varughese Baby, recover from Defendants, Metropolitan Lloyds Insurance Company of Texas and Rodney Thomas, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found   In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By. /s/ *Chad T Wilson*

21

17082130204005-1

Chad T. Wilson
Bar No  24079587
Stephen Mengis
Bar No  24094842
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone  (832) 415-1432
Facsimile  (281) 940-2137
eService to:
eservice@cwilsonlaw com
cwilson@cwilsonlaw.com
smengis@cwilsonlaw com

ATTORNEYS FOR PLAINTIFFS

22

Filed
8/31/2017 11:56 AM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Autumn Dolnik

CAUSE NO. 17-DCV-244086

| | | |
|---|---|---|
| LILLY THOMAS AND<br>VARUGHESE BABY, | §<br>§<br>§ | IN THE DISTRICT COURT |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | FORT BEND COUNTY, TEXAS |
| METROPOLITAN LLOYDS<br>INSURANCE COMPANY OF TEXAS and<br>RODNEY THOMAS, | §<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | 268TH JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

---

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1.  **Dwelling Owners.** If your dwelling is a one, two, three or four family dwelling, we cover:
    A.  the dwelling owned by you on the **residence premises**; and
    B.  structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under COVERAGE B - PRIVATE STRUCTURES.

* * *

### COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
We cover personal property owned or used by you while it is anywhere in the world.

* * *

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
We will pay only when a loss exceeds the deductible amount shown in the Declarations. We will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in SECTION I - LOSSES WE DO NOT COVER.

**COVERAGE C - PERSONAL PROPERTY**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by SECTION I - BROAD NAMED PERILS, except as excluded in SECTION I - LOSSES WE DO NOT COVER.

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, we do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from fungus and mold. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from fungus and mold. This exclusion applies regardless of whether fungus and mold arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES for Fungus and Mold Remediation.**

* * *

2.   **Windstorm or Hail**
     We do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

* * *


## SECTION I - LOSSES WE DO NOT COVER

1.   We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

* * *

     D.   **Water damage,** meaning any loss caused by, resulting from, contributed to or aggravated by:

          1.   flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3.   We do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

     A.   wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

SECTION I - CONDITIONS

...

2. **What you Must do After a Loss.** We have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

    A.    Promptly notify **us** or **our** representative.

    ...

    B.    Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

    C.    Cooperate with us in the investigation of a claim.

    ...

    E.    At any reasonable time and place we designate, and as often as we reasonably require:

        1.    show **us** the damaged property;

        2.    submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

    ...

Pleading further, Plaintiffs failed to promptly repair the roof of the subject property and based upon information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:      Dennis D. Conder
          State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of August, 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

Dennis D. Conder

PAN/PLDG/591502.1/001466.17004

Filed
8/31/2017 11:56 AM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Autumn Dolnik

CAUSE NO. 17-DCV-244086

| | | |
|---|---|---|
| LILLY THOMAS AND VARUGHESE BABY, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and RODNEY THOMAS, | § § § § | FORT BEND COUNTY, TEXAS |
| Defendants. | § § | 268TH JUDICIAL DISTRICT |

## DEFENDANT RODNEY THOMAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Rodney Thomas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit

such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued

to the Plaintiffs by Metropolitan Lloyds Insurance Company of Texas, including but not limited

to the following policy provisions:

### COVERAGE A - DWELLING

1.   **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling,
     **we** cover:
     A.   the dwelling owned by **you** on the **residence premises**; and
     B.   structures, equipment and accessories attached to the dwelling.
          Swimming pools not fully enclosed within the dwelling are covered
          under COVERAGE B - PRIVATE STRUCTURES.

\* \* \*

### COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations.
**We** will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
**We** will pay for sudden and accidental direct physical loss or damage to the property
described in Coverages A and B, except as excluded in SECTION I - LOSSES WE DO
NOT COVER.

**COVERAGE C - PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property
described in Coverage C when loss or damage is caused by SECTION I - BROAD
NAMED PERILS, except as excluded in SECTION I - LOSSES WE DO NOT
COVER.

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss
will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how
caused, to the property which results directly or indirectly from **fungus and mold**. There

is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2.      **Windstorm or Hail**
        We do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

1.      We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

D.      **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

1.      flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3.      We do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

A.      wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with

the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiffs.

Specifically, the subject insurance policy provides as follows:

## SECTION I - CONDITIONS

...

2.  **What you Must do After a Loss.** We have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

    A.  Promptly notify **us** or **our** representative.
        ...
    B.  Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.
    C.  Cooperate with **us** in the investigation of a claim.
        ...
    E.  At any reasonable time and place **we** designate, and as often as **we** reasonably require:
        1.  show **us** the damaged property;
        2.  submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and
        ...

Pleading further, Plaintiffs failed to promptly repair the roof of the subject property and based upon information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with his costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show himself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:     Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of August, 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

_____
Dennis D. Conder

PAN/PLDG/591503 1/001466.17004

Filed
9/8/2017 1:51 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Shelby Taylor

CAUSE NO. 17-DCV-244086

| | | |
|---|---|---|
| LILLY THOMAS AND VARUGHESE BABY, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | FORT BEND COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and RODNEY THOMAS, | § § § § | |
| Defendants. | § § | 268TH JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this First Amended Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

**COVERAGE A - DWELLING**
1. **Dwelling Owners**. If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A. the dwelling owned by **you** on the **residence premises**; and
   B. structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES.**

* * *

**COVERAGE B – PRIVATE STRUCTURES**
At the location of the **residence premises:**
1. **we** cover private structures owned by **you** and separated from the dwelling by clear space; or

* * *

Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be private structures

We do not cover private structures:
1. used or held for any **business** or commercial farming purposes; or
2. rented or held for rental to a person not a tenant of the dwelling, unless solely used as a private garage.

This coverage does not apply to land, including land on which the private structures are located, or any costs required to replace, rebuild, stabilize or otherwise restore the land.

* * *

**COVERAGE C - PERSONAL PROPERTY**
**Personal Property Covered**
We cover personal property owned or used by **you** while it is anywhere in the world.

* * *

## CAUSES OF PROPERTY LOSS

### SECTION I - LOSSES WE COVER
### (COMPREHENSIVE PERILS)

**LOSS DEDUCTIBLE CLAUSE**
We will pay only when a loss exceeds the deductible amount shown in the Declarations. We will pay only that part of the loss over such stated deductible.

**COVERAGE A – DWELLING**
**COVERAGE B – PRIVATE STRUCTURES**
**COVERAGE C – PERSONAL PROPERTY**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A, B and C, except as excluded in **SECTION 1 – LOSSES WE DO NOT COVER.**

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES for Fungus and Mold Remediation.**

* * *

2.      **Windstorm or Hail**
        **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

* * *

### SECTION I - LOSSES WE DO NOT COVER

* * *

1.   We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

D.   **Water damage,** meaning any loss caused by, resulting from, contributed to or aggravated by:

1.   flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

2.   water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or

3.   water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure of water which causes earth movement

This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay for only the ensuing loss.

Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by **you** is excluded even if weather conditions contribute in any way to produce the loss.

\* \* \*

H.   **Neglect** by **you** to use all reasonable means to save and preserve property at and after the time of a loss.

\* \* \*

2.   We do not insure under Coverage A and Coverage B for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion 1. above and Exclusions 3. and 4. below regardless of whether one or more of the following:   (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss. The items are:

A.   conduct, act, failure to act, or decision of any person, group, organization or governmental body;

---

B.     defective, inadequate, faulty or unsound:
    1.     planning, zoning, development, surveying, siting;
    2.     design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
    3.     materials used in repair, construction, renovation or remodeling; or
    4.     maintenance;
of any property whether on or off the residence **premises**. Property includes land, structures or improvements of any kind; and

C.     weather conditions.

However, this exclusion only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.     **We** do not cover loss or damage to the property described in Coverage A, Coverage B and Coverage C which results directly or indirectly from any of the following:

A.     wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

\* \* \*

We do pay for any direct loss that follows items A. through H. to property described in Coverages A, B and C not otherwise excluded or excepted in this policy and then we pay for only the ensuing loss. If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing or appliance from which the water escaped.

\* \* \*

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

SECTION I – CONDITIONS

\* \* \*

2.  **What you Must do After a Loss.** We have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

    A.  Promptly notify **us** or **our** representative.
    B.  Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.
    C.  Cooperate with us in the investigation of a claim.

    \* \* \*

    E.  At any reasonable time and place we designate, and as often as **we** reasonably require:
        1.  show **us** the damaged property;
        2.  submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

    \* \* \*

7.  **Appraisal.** If **you** and **we** fail to agree on the amount of loss, either **you** or **we** can make a written demand for an appraisal of the loss. Each party will select a competent appraiser and notify the other within 20 days of the appraiser's identity. The two appraisers will select a competent and impartial umpire. If the two appraisers are unable to select an umpire within 15 days, **you** or **we** can request that the choice of an umpire be made by a judge of a court of record in the state where the **residence premises** is located.

    The appraisers will separately set the amount of loss determining the full replacement cost and **actual cash value** for each item as needed. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. The written award by two of these three people for any item will set the amount of loss and is binding on **you** and **us** when filed with **us**.

    **You** will pay the appraiser selected by **you**. **We** will pay the appraiser selected by **us**. **You** and **we** will split the other expenses of appraisal and the fee of the umpire.

    With regard to Appraisal, the term **"you"** applies only to the named insured, including spouse if a resident of the same household.

Pleading further, Plaintiffs failed to promptly repair the subject property and based upon information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:    Dennis D. Conder
       State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of September, 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

Dennis D. Conder

PAN/PLDG/592107.1/0014466 17004

---

Filed
9/8/2017 1:51 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Shelby Taylor

CAUSE NO. 17-DCV-244086

| | | |
|---|---|---|
| LILLY THOMAS AND VARUGHESE BABY, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | FORT BEND COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and RODNEY THOMAS, | § § § § | |
| Defendants. | § | 268TH JUDICIAL DISTRICT |

## DEFENDANT RODNEY THOMAS' FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Rodney Thomas, ("Defendant"), and files this First Amended Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit

such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

**COVERAGE A - DWELLING**

1. **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A.  the dwelling owned by **you** on the **residence premises**; and
   B.  structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under COVERAGE B - PRIVATE STRUCTURES.

\* \* \*

**COVERAGE B – PRIVATE STRUCTURES**

At the location of the **residence premises**:

1. **we** cover private structures owned by **you** and separated from the dwelling by clear space; or

\* \* \*

Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be private structures

**We** do not cover private structures:

1. used or held for any **business** or commercial farming purposes; or
2. rented or held for rental to a person not a tenant of the dwelling, unless solely used as a private garage.

This coverage does not apply to land, including land on which the private structures are located, or any costs required to replace, rebuild, stabilize or otherwise restore the land.

\* \* \*

**COVERAGE C - PERSONAL PROPERTY**

**Personal Property Covered**

**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

CAUSES OF PROPERTY LOSS

SECTION I - LOSSES WE COVER
(COMPREHENSIVE PERILS)

**LOSS DEDUCTIBLE CLAUSE**
We will pay only when a loss exceeds the deductible amount shown in the Declarations.
We will pay only that part of the loss over such stated deductible.

**COVERAGE A – DWELLING**
**COVERAGE B – PRIVATE STRUCTURES**
**COVERAGE C – PERSONAL PROPERTY**
We will pay for sudden and accidental direct physical loss or damage to the property
described in Coverages A, B and C, except as excluded in **SECTION 1 – LOSSES WE
DO NOT COVER.**

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss
will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how
caused, to the property which results directly or indirectly from **fungus and mold**. There
is no coverage for loss which, in whole or in part, arises out of, is aggravated by,
contributed to by acts or omissions of persons, or results from **fungus and mold**. This
exclusion applies regardless of whether **fungus and mold** arises from any other cause of
loss, including but not limited to a loss involving water, water damage or discharge,
which may be otherwise covered by this policy, except as granted under **SECTION I -
ADDITIONAL COVERAGES** for Fungus and Mold Remediation.

* * *

2.    **Windstorm or Hail**
      We do not pay for loss to the interior of a building or to personal property inside,
      caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the
      roof or walls and the wind forces rain, snow, sleet, sand or dust through the
      opening.

* * *

## SECTION I - LOSSES WE DO NOT COVER

* * *

1.    We do not insure for loss caused directly or indirectly by any of the following.
      Such loss is excluded regardless of any other cause or event contributing
      concurrently or in any sequence to the loss. These exclusions apply whether or not
      the loss event results in widespread damage or affects a substantial area.

* * *

D. **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

1. flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

2. water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or

3. water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure of water which causes earth movement

This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

However, we pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then we pay for only the ensuing loss.

Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by **you** is excluded even if weather conditions contribute in any way to produce the loss.

\* \* \*

H. **Neglect** by **you** to use all reasonable means to save and preserve property at and after the time of a loss.

\* \* \*

2. We do not insure under Coverage A and Coverage B for any loss consisting of one or more of the items below. However, we pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, we do not insure for loss described in Exclusion 1. above and Exclusions 3. and 4. below regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss. The items are:

A. conduct, act, failure to act, or decision of any person, group, organization or governmental body;

B. defective, inadequate, faulty or unsound:

1. planning, zoning, development, surveying, siting;
2. design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
3. materials used in repair, construction, renovation or remodeling; or
4. maintenance;

of any property whether on or off the residence **premises**. Property includes land, structures or improvements of any kind; and

C.    weather conditions.

However, this exclusion only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.    **We** do not cover loss or damage to the property described in Coverage A, Coverage B and Coverage C which results directly or indirectly from any of the following:

A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

\* \* \*

We do pay for any direct loss that follows items A. through H. to property described in Coverages A, B and C not otherwise excluded or excepted in this policy and then we pay for only the ensuing loss. If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing or appliance from which the water escaped.

\* \* \*

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

SECTION I – CONDITIONS

\* \* \*

2.    **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

A.    Promptly notify **us** or **our** representative.

B.    Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C.     Cooperate with us in the investigation of a claim.

* * *

E.     At any reasonable time and place we designate, and as often as we
       reasonably require:
       1.     show us the damaged property;
       2.     submit to questions concerning the loss under oath while not in the
              presence of any other person defined as "you", and sign and swear
              to the answers; and

* * *

7.     **Appraisal.** If you and we fail to agree on the amount of loss, either you or we can
       make a written demand for an appraisal of the loss. Each party will select a
       competent appraiser and notify the other within 20 days of the appraiser's
       identity. The two appraisers will select a competent and impartial umpire. If the
       two appraisers are unable to select an umpire within 15 days, you or we can
       request that the choice of an umpire be made by a judge of a court of record in the
       state where the **residence premises** is located.

       The appraisers will separately set the amount of loss determining the full
       replacement cost and **actual cash value** for each item as needed. If the appraisers
       submit a written report of an agreement to **us**, the amount agreed upon will be the
       amount of the loss. If they fail to agree, they will submit their differences to the
       umpire. The written award by two of these three people for any item will set the
       amount of loss and is binding on you and us when filed with **us**.

       You will pay the appraiser selected by you. We will pay the appraiser selected by
       us. You and we will split the other expenses of appraisal and the fee of the
       umpire.

       With regard to Appraisal, the term **"you"** applies only to the named insured,
       including spouse if a resident of the same household.

       Pleading further, Plaintiffs failed to promptly repair the subject property and based upon

information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with his costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show himself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:     Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
RODNEY THOMAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of September, 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

Dennis D. Conder

PAN/PLDG/592106.1/001466-17004